## QUISTEAD v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 16, 1925.)

No. 4520.

Embezzlement ⬗⟳34—Indictment against disbursing clerk in office of federal prohibition director sufficient under statute.

Indictment against disbursing clerk in office of federal prohibition director for embezzlement of property of the United States *held* sufficient, under Penal Code, § 47, declaring punishment for whoever shall embezzle money or property of the United States.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Paul J. McCormick, Judge.

Jacob R. Quistead was convicted of embezzlement, and brings error. Affirmed.

See, also, 4 F.(2d) 802.

Jacob R. Quistead, in pro. per.

Sterling Carr, U. S. Atty., and T. J. Sheridan and Alma M. Myers, Asst. U. S. Attys., all of San Francisco, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case contains two counts. The first count charges that the defendant, while employed as a disbursing clerk in the office of the federal prohibition director and in the Internal Revenue Service of the United States, did then and there unlawfully, willfully, knowingly, and feloniously embezzle and convert to his own use the sum of $450, a part and portion of the proceeds of certain checks which came into his possession and under his control in such employment, the same being the property of the United States. Then follows a description of the checks. The second count charges that the defendant, employed as disbursing clerk in the office of the prohibition director of California, did unlawfully, willfully, knowingly, and feloniously embezzle and convert to his own use moneys of the United States which came into his possession and under his control by reason of his employment, to wit, the sums of $300, $100, and $10. Upon the trial, the jury returned a verdict of guilty as to both counts, and the judgment on the verdict is now before us for review.

The plaintiff in error assumes that the indictment was returned under section 97 of the Penal Code (Comp. St. § 10265), which provides that any officer connected with or employed in the Internal Revenue Service of the United States, and any assistant of such officer, who shall embezzle or wrongfully convert to his own use any money or other property of the United States, shall be guilty of an offense, and argues that a disbursing clerk in the office of the federal prohibition director is not an officer connected with or employed in the Internal Revenue Service of the United States, or an assistant of such officer. There is nothing in the record to bear out the assumption that

the indictment was returned under section 97 of the Penal Code, aside from a recital in the judgment to that effect.

But whether that section will support the indictment we need not inquire. Section 47 of the Penal Code provides: "Whoever shall embezzle, steal, or purloin any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States, shall be fined not more than five thousand dollars, or imprisoned not more than five years, or both." Comp. St. § 10214. The indictment is clearly sufficient under this latter section. Hoback v. United States (C. C. A.) 284 F. 529.

The brief makes some reference to the indictment in another case against the plaintiff in error, arising out of the same transactions; but the record in that case is not before us.

There is no error in the record, and the judgment is affirmed.